# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF WISCONSIN

In the Matter of the Seizure of
(Address or brief description of property or premises to be seized)

UP TO $83,000.00 IN FUNDS ON DEPOSIT IN
JP MORGAN CHASE BANK ACCOUNT ENDING
IN 3703 HELD IN THE NAME OF PETER UDEOGARANYA

Case Number: 19-M-031

## APPLICATION FOR A WARRANT
## TO SEIZE PROPERTY SUBJECT TO FORFEITURE

I, Zachary Hoalcraft, being duly sworn depose and say:

I am a Special Agent assigned to the United States Secret Service and have reason to believe that in the Eastern District of Wisconsin there is now certain property, namely, up to $83,000.00 in funds on deposit in JP Morgan Chase Bank account ending in 3703 held in the name of Peter Udeogaranya that is civilly forfeitable under 18 U.S.C. §§ 981(a)(1)(C) and 984, including cross-references to 18 U.S.C. §§ 1956(c)(7) and 1961(1), and criminally forfeitable under 18 U.S.C. § 981(a)(1)(C) in conjunction with 28 U.S.C. § 2461(c), as property that is derived from proceeds traceable to specified unlawful activity, namely, wire fraud in violation of 18 U.S.C. § 1343, and which property is therefore also subject to seizure for purposes of civil forfeiture under 18 U.S.C. § 981(b)(2) and for purposes of criminal forfeiture under 18 U.S.C. § 982(b)(1) and 21 U.S.C. § 853(f).

The application is based on these facts:

    ✓ Continued on the attached sheet.

    ❑Delayed notice of _____ days (give exact ending date if more than 30 days:_____ is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

Sworn to before me, and subscribed in my presence

Signature of Affiant
Zachary Hoalcraft, USSS

March 29, 2019
Date and time issued

at Milwaukee, Wisconsin
City and State

William E. Callahan, Jr., U.S. Magistrate Judge
Name & Title of Judicial Officer

Signature of Judicial Officer

## AFFIDAVIT IN SUPPORT OF APPLICATION FOR SEIZURE WARRANT

I, Zachary Hoalcraft, having been duly sworn on oath, state as follows:

### Affiant's Background

1. I am a Special Agent with the United States Secret Service and have been so employed since 2017. I am currently assigned to the United States Secret Service Milwaukee Financial Crimes Task Force ("MFCTF"). My duties as an investigator on the MFCTF include investigating financial crimes, such as identity theft, check fraud, credit card fraud, bank fraud, wire fraud, currency-counterfeiting offenses, and money laundering. During my employment with MFCTF, I have conducted investigations that have resulted in seizures of criminally derived property, including monetary instruments.

2. As a Task Force Agent, I have conducted investigations into wire fraud, money laundering, and other complex financial crimes. In the course of those investigations, I have used various investigative techniques, including undercover operations, reviewing physical and electronic evidence, and obtaining and reviewing financial records. In the course of those investigations, I have also become familiar with techniques that criminals use to conceal the nature, source, location, and ownership of proceeds of crime and to avoid detection by law enforcement of their underlying acts and money laundering activities.

3. Because I am submitting this affidavit for the limited purpose of establishing probable cause for the requested seizure warrant, I have not included in this affidavit every detail I know about this investigation. Rather, I have included only the information necessary to establish probable cause for the requested seizure warrant.

4. The facts set forth in this affidavit are based on my personal knowledge, including what I have learned through my training and experience as a law enforcement officer, my review of documents and other records obtained in the course of this investigation, and information I have obtained in the course of this investigation from the victim of this incident.

### Property Sought to be Seized

5. I submit this affidavit in support of an application for a warrant to seize up to $170,000.00 in funds on deposit in JP Morgan Chase Bank account ending in 5082 ("JPM 5082"), held in the name of Minic Services LLC.

6. For the reasons set forth below, I submit that up to $170,000.00 in funds on deposit in JPM 5082 are:

      a. Funds traceable to, and are therefore proceeds of, a wire fraud offense or offenses committed in violation of 18 U.S.C §1343;

      b. Subject to civil forfeiture under 18 U.S.C §§ 981(a)(1)(C) and 984, including cross-references to 18 U.S.C. §§ 1956(c)(7) and 1961(1);

c.      Subject to criminal forfeiture under 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c); and

d.      Subject to seizure via civil seizure warrant under 18 U.S.C. § 981(b)(2) and via a criminal seizure warrant under 18 U.S.C. § 982(b)(1) and 21 U.S.C. § 853(f).

## Summary of Scheme to Defraud

7.      I submit that there exists probable cause to believe that up to $170,000.00 in proceeds of a wire fraud scheme – which involved material misrepresentations and the use of interstate wires in connection with an email compromise fraud scheme – have been deposited into JPM 5082, the account from which up to that amount of funds are sought to be seized.

8.      As part of an email compromise fraud scheme, the victim in this case was directed by nefarious actors to wire $260,146.93 in funds that were supposed to be directed to L.T., a title company located in Racine, Wisconsin, for the purchase of a private residence. The victim was instead induced to transfer funds to the fraudulent account, and those funds were then further transferred to two other accounts, one of which was JPM 5082, the account at issue in this seizure warrant application.

## Facts Supporting Findings of Probable Cause for Issuance of Seizure Warrant

### Investigation into Initial Incident

9.      On February 7, 2019, Milwaukee Police Officers John Kohler and Sean Koscielak were dispatched to Wells Fargo, located at 100 E. Wisconsin Avenue, Milwaukee, Wisconsin for a fraud complaint.

10.      Upon arriving at the bank, officers were met by R.C., the branch manager for Wells Fargo Bank. R.C. stated that two customers were attempting to purchase a home located in Racine, Wisconsin, and sent a wire transfer from their personal Wells Fargo bank account ending in 4492 to a JP Morgan Chase Bank ("JPM Chase Bank") account ending in 2885 held in the name of John Tata ("JPM 2885").

11.      R.C. stated that Wells Fargo had requested that the wire transfer be frozen.

12.      R.C. stated that the wire transfer was sent from the victim's Wells Fargo 4492 account to JPM 2885, via the Wells Fargo wire transfer service on February 6, 2019, at approximately 1:30 p.m.

13.      R.C. provided officers with the banking information associated with JPM 2885 held in the name of John Tata, of Florida City, Florida. R.C. also provided officers with a copy of the wire instructions that contained the following information:

a. L.T. of Racine, Inc.
b. Wire instructions
c. Chase Bank
d. 33XXX S. Dixie Hwy, Florida City, FL 33034
e. ABA/Routine: XXXXX0021
f. Account Name: John Tata
g. Account Number: XXXXX2885

14. R.C. stated that while completing the wire transfer, something did not seem right. R.C. stated that after speaking with victim, S.C., who is one of the account holders of Wells Fargo 4492, in the early afternoon of February 7, 2019, both R.C. and S.C. decided to attempt to stop the wire transaction.

15. R.C. stated that after preliminary attempts to stop the wire transaction had failed, R.C. made contact with an unidentified agent of JPM Chase Bank with whom R.C. had worked in the past. At first, it appeared that the JPM Chase Bank agent had successfully frozen the funds in the JPM Chase Bank account JPM 2885.

16. But that hold did not prove to be successful as two checks were issued on JPM 2885 – namely, one for $83,000, which was deposited into JPM 3703, and one for $170,000.00, which was deposited to JPM Chase Bank account ending 5082.

**Investigation into Wells Fargo 4492**

17. Officers contacted S.C. and A.Y., the owners of Wells Fargo 4492, who had initiated the wire transfer to JPM 2885. S.C. and A.Y. are husband and wife and were in the process of purchasing a home at 13XX Main Street, Racine, Wisconsin, and were working with L.T., a title company located in Racine, Wisconsin.

18. S.C. and A.Y. had been in communication with K.M., a representative of L.T. S.C. and A.Y. believed they had been communicating with K.M. via email under the address kmexxxxxx@lmt123.com. S.C. and A.Y. stated the last email they received from kmexxxxxx@lmt123.com contained a set of wire instructions for the payment, totaling $260,146.93.

19. On February 6, 2019, S.C. and A.Y. went to the Wells Fargo Branch located at 100 E. Wisconsin Avenue, Milwaukee, Wisconsin to have funds wired per the instructions they believed to be provided by kmexxxxxx@lmt123.com.

20. Following the completion of the wire transfer, S.C. and A.Y. made contact with L.T. to confirm they received the wire transfer. L.T. informed S.C. and A.Y. that L.T. never sent any wire instructions and was never in direct communication with S.C. and A.Y.

21. A closer examination of the emails used to send wire instructions revealed that the email address that S.C. and A.Y. had been communicating with was a "spoofed" email address: khexxxxxx.lmt123@gmail.com.

3

**Investigation into John Tata, JPM 2885, JPM 5082, and JPM 3703**

22.     Beginning on March 4, 2019, officers contacted T.O., the Regional Investigator for JPM Chase Bank, who represents Wisconsin. T.O. confirmed that there was no money left in JPM 2885 but that following the funds transfer from Wells Fargo 4492, there were two outgoing checks. The checks were deposited into the following accounts:

      a.     On February 11, 2019, at 11:14 a.m., $170,000.00 was deposited into JPM Chase Bank account ending 5082 ("JPM 5082") at the JPM Chase Bank located at 850 S. Wabash Avenue, Chicago, Illinois. The account holders of JPM 5082 are Minic Services LLL and Koh Dominic Bendu with an address of 1XX N. Keeler Ave, #X, Chicago, Illinois 60624.

      b.     On February 11, 2019 at 2:40 p.m., $83,000.00 was deposited into JPM 3703 at the JPM Chase Bank located at 401 N. Clark Street, Chicago, Illinois. The account holder is Peter Udeogaranya with an address of 25XX Foothill Blvd., #3XX, Laverne, California 91750.

23.     Through further investigation, officers discovered that "John Tata" is the alias of Charles E. Kuti, of 19XX W. Touhy Avenue, Unit XX, Chicago, Illinois. Kuti is currently incarcerated at the Broward County jail in Ft. Lauderdale, Florida, on charges unrelated to this case.

24.     On March 26, 2019, I contacted JPM Chase Regional Investigator T.O. again to follow up on the above-listed information. T.O. confirmed that after the $260,146.93 in funds were originally transferred from Wells Fargo 4492 to JPM 2885 on or about February 6, 2019, two transfers from JPM 2885, to JPM 5082 and JPM 3703, both described in detail in paragraph 22 above, were made on February 11, 2019.

25.     T.O. stated that JPM Chase Bank had flagged both the JPM 3703 and JPM 5082 accounts due to fraud alerts and that funds still appeared to be available in both accounts. I informed T.O. that I would be seeking a federal seizure warrant to attempt to return the funds to the victims of the fraud scheme.

26.     As of March 29, 2019, neither S.C. nor A.Y. have received any money back from this scam.

### Applicable Asset Forfeiture Provisions

27.     Under 18 U.S.C. § 984, a court may order the forfeiture of funds in a bank account into which monies subject to forfeiture have been deposited, without the need to trace the funds currently in the account to the specific deposits that are subject to forfeiture, up to the amount of the funds subject to forfeiture that have been deposited into the account within the past one-year period.

28. Section 984 (a) provides in part:

    a. In any forfeiture action in rem in which the subject property is cash [or] funds deposited in an account in a financial institution

        i. it shall not be necessary for the Government to identify the specific property involved in the offense that is the basis for the forfeiture; and

        ii. it shall not be a defense that the property involved in such an offense has been removed and replaced by identical property.

    b. Except as provided in subsection (c), any identical property found in the same place or account as the property involved in the offense that is the basis for the forfeiture shall be subject to forfeiture under this section.

29. 18 U.S.C. § 984(b) provides: "No action pursuant to this section to forfeit property not traceable directly to the offense that is the basis for the forfeiture may be commenced more than 1 year from the date of the offense."

30. Thus, under Section 984, a court may order the civil forfeiture of monies found in a bank account into which deposits of criminal proceeds subject to forfeiture had been made, up to the amount of the forfeitable deposits that have been made into the account within the prior one-year period, without the need for tracing the funds to be forfeited to any of the specific forfeitable deposits.

31. I submit that a restraining order under 21 U.S.C. § 853(e) may not be sufficient to assure the availability of the funds for forfeiture because I have been advised of cases in which, even after restraining order or similar process has been issued to financial institution, the funds sought to be restrained were not effectively restrained by the financial institution. In my judgment, a seizure warrant would be the most effective way to assure the availability of the money sought to be seized for forfeiture.

## Conclusion

32. Based on the facts and circumstances set forth in this affidavit, I submit that there exists probable cause to believe that up to $170,000.00 in funds on deposit in JP Morgan Chase Bank account ending in 5082, held in the name of Minic Services LLC are:

    a. Funds traceable to, and are therefore proceeds of, a wire fraud offense or offenses, committed in violation of 18 U.S.C. § 1343;

    b. Subject to civil forfeiture under 18 U.S.C. §§ 981(a)(1)(C) and 984, including cross-references to 18 U.S.C §§ 1956(c)(7) and 1961(1);

c.  Subject to criminal forfeiture under 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c); and

d.  Subject to seizure via a civil seizure warrant under 18 U.S.C. § 981(b)(2) and via a criminal seizure warrant under 18 U.S.C. § 982(b)(1) and 21 U.S.C. § 853(f).

###